# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50324/50325/50326/50327

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 6, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LARRY MATHEW ROBINSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Order revoking probation, <u>affirmed</u>; judgment of conviction and sentence of seven years with two years determinate for possession of a controlled substance, <u>affirmed</u>; judgment of conviction and sentence of twelve years with two years determinate for grand theft, <u>affirmed</u>; judgment of conviction and sentence of five years indeterminate for escape, <u>affirmed.</u>

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In Docket No. 50324 Larry Mathew Robinson pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(B). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of five years with one and one-half years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Robinson on probation for a period of four years. In Docket No. 50325, Robinson was charged with one count of possession of a controlled

1

substance and one count of possession of drug paraphernalia. In Docket No. 50326, Robinson was charged with one count of grand theft, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia, I.C. §§ 18-2403(1), 18-2407, 37-2732(c)(1), 37-2734A(1) .

The State filed a report of violation (Docket No. 50324). The parties agreed to a global resolution in these cases, in which: (1) Robinson would admit to violating his probation (Docket No. 50324); (2) Robinson would plead guilty to possession of a controlled substance (Docket No. 50325); and (3) Robinson would plead guilty to grand theft (Docket No. 50326). In exchange, the State would dismiss the remaining charges. Robinson entered pleas pursuant to the agreement in all three cases. Subsequently, Robinson escaped from work detail and he was charged with escape in Docket No. 50327, I.C. § 18-2505.

The district court thereafter: (1) revoked Robinson's probation and executed the underlying sentence of five years with one and one-half years determinate (Docket No. 50324); (2) sentenced Robinson to seven years with two years determinate (Docket No. 50325); and (3) sentenced Robinson to twelve years with two years determinate (Docket No. 50326). The district court further ordered the sentences to run concurrently. In Docket No. 50327 the district court sentenced Robinson to five years indeterminate to run consecutively to the other three sentences.

On appeal, Robinson contends that the district court abused its discretion by revoking his probation in Docket No. 50324 and imposing excessive sentences in Docket Nos. 50325, 50326, and 50327 without suspending the execution of the sentences or retaining jurisdiction.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at

327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Robinson's previously suspended sentence is affirmed and the subsequent judgments of conviction and sentences are affirmed.